Van Voorhis, J.
This is a negligence action arising from a fall on a sidewalk, commenced more than 18 years ago. It has never been tried. It was at issue and noticed at the February, 1950 Trial Term in New York County. In 1952, a contingent agreement of settlement was made, whereby defendant agreed to pay $3,250 ‘ ‘ on condition that the general release in this case shall be executed by the Plaintiff individually and not by any attorney in fact or other legal representative A stipulation was entered on the record embodying this condition, and the court indicated that the plaintiff’s attorney could either accept the settlement or proceed to trial “ in wMch event, because of his inability to locate the Plaintiff, it would necessitate a dismissal of the complaint by the Court.” Eleven years later plaintiff’s wife was appointed administratrix on August 2, 1963, on an affidavit that plaintiff was last seen alive on September 20,1950. She obtained an Enoch Arden divorce March 26, 1958. Having been substituted for the plaintiff as administratrix, she applied on November 1,1965 to restore the action to the calendar by way of a cross motion to a motion by defendant to dismiss the action. Meanwhile plaintiff administratrix had moved for judgment on the settlement agreement, which was denied on the ground that it was conditional and that the condition had not been and could not be fulfilled (21 A D 2d 759, app. dsmd. 15 N Y 2d 1032). That ruling was correct.
We consider that the action was incorrectly marked “ dismissed ” under rule 302 of the former Buies of Civil Practice, for the reason that it was removed from the calendar on account of the agreement of settlement wMch proved to be ineffectual. For the same reason, the Appellate Division was incorrect in *249 dismissing the complaint “ on the law ”, by the order appealed from, on account of there being no affidavit of merits on the application to restore the action to the calendar. It is open to the Appellate Division, however, to dismiss upon the facts (in the exercise of discretion) on account of the delay of the administratrix in applying to have the action restored to the calendar after learning the facts which rendered the settlement agreement ineffectual (Thomas v. Melbert Foods, 19 N Y 2d 216, decided herewith; Commercial Credit Corp. v. Lafayette Lincoln-Mercury, 17 N Y 2d 367). Accordingly the order appealed from should be modified by remanding the matter to the Appellate Division to decide on the facts, in the exercise of discretion, whether the action should be dismissed for delay in failing to prosecute.
Chief Judge Fuld and Judges Burke, Soileppi, Berg ax and Iveatixg concur; Judge Breitel taking no part.
Order modified, without costs, and matter remitted to the Appellate Division for further proceedings in accordance with the opinion herein.