■ MARGARET D. HARDY, Respondent, v GEORGE M. HARDY, JR., Appellant. (Appeal No. 1.) — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: The stipulation entered into by counsel for the respective parties in open court and thereafter incorporated, but not merged, in the judgment of divorce is enforceable as a contract binding on the parties (CPLR 2104; see *Teitelbaum Holdings v Gold,* 48 NY2d 51; *Biener v Hystron Fibers,* 78 AD2d 162; *Nishman v De Marco,* 76 AD2d 360, app dsmd 53 NY2d 642). It unambiguously requires plaintiff, upon defendant's execution of a deed to the marital premises, to give a bond and mortgage in the "amount of $32,500 with interest at ten percent per annum"

on which no payment is required to be made "until the earliest of the following events occurring: Sale of the property by [plaintiff], remarriage by [plaintiff], should a non-relative adult male reside permanently in the home, the removal from the home voluntarily or otherwise by all of the children who are infant children now [*sic*]". The express terms of the stipulation clearly denote the intent of the parties that the bond and mortgage bear interest immediately but that payment thereon be postponed until the occurrence of one of the expressed contingencies. It is noted that no motion has been made by either party for relief from the terms of the stipulation or to vacate or reform it (see *Matter of Frutiger,* 29 NY2d 143, 149-150; *Matter of Horton,* 51 AD2d 856). (Appeal from order of Supreme Court, Erie County, Joslin, J. — resettle judgment of divorce.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Schnepp, JJ.