■ BARBARA J. BURTCH, Respondent, v NORMAN BURTCH, Appellant. — In an action to recover accrued arrears under a separation agreement, the defendant husband appeals from a judgment of the Supreme Court, Suffolk County (McCarthy, J.), dated March 5, 1982, which is in favor of the wife and against him in the principal sum of $13,620. Judgment affirmed, without costs or disbursements. The parties entered into a separation agreement which was thereafter incorporated, but not merged, into a foreign divorce decree. Therefore, the separation agreement continued in effect as a separate and independent contractual arrangement between the parties (*Goldman v Goldman,* 282 NY 296) and a subsequent modification of the divorce decree could not modify the separation agreement, absent a clear expression by the parties of such intent (see *Kleila v Kleila,* 50 NY2d 277). Since there was no clear expression by the parties of an intent to modify the separation agreement, the fact that subsequent orders of the Family Court reduced the amount of alimony and child support did not foreclose the wife's right to sue on the contract for the difference between the reduced awards and the amount provided for in the separation agreement (see *Kleila v Kleila, supra; Galyn v Schwartz,* 77 AD2d 437). Weinstein, J. P., Bracken, Rubin and Boyers, JJ., concur.