■ PHILIP FURGANG, Appellant, v DAVID EPSTEIN et al., Respondents. — In an action to recover an attorney's fee, plaintiff appeals from an order of the Supreme Court, Rockland County (Meehan, J.), dated January 30, 1984, which, *inter alia,* granted defendants' motion to vacate a judgment entered herein by plaintiff against them, and directing plaintiff to accept the sum of $4,005 in full settlement of this action as per a settlement agreement entered into by the parties in open court as well as directing the parties to execute general releases and stipulations of discontinuance of this action.

Order affirmed, with costs.

By their stipulation of settlement, entered into in open court, upon the record, the parties hereto agreed that plaintiff would discontinue this action upon the payment to him by the defendants of an amount of money which is somewhat less than that amount which was being sought in the action. Such was to be paid in two installments on dates which, though not specified, were ascertainable by a stated formula. When defendants made the second and final payment, their check was dishonored by reason of insufficient funds in their checking account. As it was explained, this dishonor resulted from the fact that the deposit which was to be made to cover the payment was overlooked by a secretary who had become ill for several days. Though one of the defendants attempted to cure the error immediately upon its discovery, plaintiff rejected the tender of payment as untimely.

A stipulation of settlement entered into in open court has the binding effect of a contract and may be set aside or modified only upon such grounds as would permit such relief to be granted in a contract matter. Absent such grounds, such an agreement must be strictly enforced (see *Zioncheck v Zioncheck,* 99 AD2d 563; *Hardy v Hardy,* 96 AD2d 743, 744; *Tinter v Tinter,* 96 AD2d 556, 557). As in a matter where parties seek enforcement of a contract, the court has the responsibility of effectuating the true intent of the parties in a case such as that herein, as opposed to giving weight to provisions of the agreement which may not have been material and which may be seized upon by a party to obtain relief to which he may not be legitimately entitled.

In the instant case, the parties agreed to add an additional five days onto the periods within which the two payments herein were to be made to prevent the possibility of a default resulting from delays in mail delivery. We conclude that the intention of

this provision was to allow such payments to be made up to and including the passing of these additional 10 days, for any unintentional delay which might have occurred. In the final analysis, plaintiff agreed to accept such late payments. The second and final payment was made herein to plaintiff within the time period for both payments if these additional 10 days are included in the calculation. Accordingly, we find that defendants have complied with the stipulation of settlement and that their attempt to make the second and final payment thereby required was timely and was wrongfully rejected by plaintiff.

We note that the judgment which defendants sought to have vacated is not a default judgment as that term is used in pleading and practice, and Special Term's application of law relating to vacating default judgments was erroneous. Thompson, J. P., O'Connor, Niehoff and Boyers, JJ., concur.