■ In the Matter of ALLEN A. FUNT, Respondent, v MARILYN L. FUNT, Appellant. — Order of the Family Court, New York County (Mortimer Getzels, J.), entered October 20, 1983, modifying the provisions for child support contained in the decree of divorce between the parties, unanimously reversed, on the law and the facts, the application denied and the petition dismissed, with costs.

Petitioner and respondent were married in September, 1964. Two children were born of the union. In June, 1978 a separation agreement was entered into between them. There is no dispute as to the adequacy of the support provisions for the respondent. Additionally, the agreement provided for support for each child in the sum of $625 per month. Custody of the children was to be joint and the agreement provided that the children would reside with their mother in New York City for the major portion of the year and attend school in that city. A judgment of divorce followed in November, 1978, which incorporated the terms of the separation agreement and which was merged therein.

Some time thereafter, the petitioner, a television celebrity, moved to California. The children elected to go with him and now reside in California for a major portion of the year. In March, 1982 petitioner ceased making the child support payments, contending that the residence of the children with him in California on a permanent basis created a change in circumstances which warranted discontinuance of the support payments. Subsequently, respondent moved in the Supreme Court for an order directing the entry of judgment for arrears in child support. Although petitioner made no formal cross motion for a downward revision in such support, his opposing papers sought such relief. Special Term, notwithstanding the absence of a cross motion, dealt with the subject. As to the past obligation, it held that petitioner had waived the right to relief by his laches; as to his future obligation, Special Term held that it was within the contemplation of the parties that the children would reside with the mother for the first year and would thereafter determine with which parent they elected to reside. Moreover, it noted that the children continued to reside with the mother several months

a year by consequence of which she was required to provide suitable accommodations for them on a permanent basis. It granted judgment accordingly to respondent. Judgment, from which no appeal was taken, was entered on December 14, 1982. One month and 11 days later, this proceeding was instituted in the Family Court. In it, petitioner seeks the very same relief which he sought by way of opposition to respondent's motion for judgment for arrears in the Supreme Court. After reference to a hearing examiner, the Family Court granted petitioner's application in part by allocating support on a per diem basis and awarding support for those days on which the children resided with respondent.

We are of the opinion that any determination altering respondent's right to child support was error. Accordingly, we reverse, deny the application and dismiss the petition.

We are aware that provisions contained in a separation agreement for child support and subsequently incorporated into a divorce decree, whether merged in the decree or no, are not written in stone. They are susceptible to change to meet the changing needs of the children and the ability of the parent to pay (*Matter of Boden v Boden,* 42 NY2d 210). To warrant a change, however, there must be a showing that circumstances have altered (*Matter of Brescia v Fitts,* 56 NY2d 132).

Here, less than one and one-half months elapsed between the judgment of the Supreme Court and the institution of the Family Court proceeding. No change, other than that of forum, is manifested, or indeed, claimed. In these circumstances, we believe the intervention of the Family Court was unwarranted. Concur — Carro, J. P., Asch, Bloom and Kassal, JJ.