■ CATHERINE L. WEYL, Appellant-Respondent, v THOMAS J. WEYL, Respondent-Appellant. — Harvey, J. Cross appeals from a judgment of the Supreme Court in favor of plaintiff, entered March 28, 1984 in Montgomery County, upon a decision of the court at Trial Term (Crangle, J.), without a jury.

The parties hereto were formerly husband and wife. There were five children of the marriage. The parties entered into a separation agreement on February 13, 1974 which was incorporated into but not merged with a divorce judgment on February 20, 1974. The central issue on this appeal involves paragraph 15 of the separation agreement, which provides as follows: "It is expressly understood and agreed, notwithstanding any other provisions to the contrary contained herein, that the payments to be made by said Husband as set forth in the EIGHTH, NINTH and ELEVENTH Paragraphs of this Agreement, in addition to being provisions made for the support and maintenance of the Wife and said children, is also intended to be in lieu of any other property settlement to said Wife and in consideration of Wife's transfer to Husband of all her right, title and interest in the joint real and personal property and the payments are intended to be made for a period of seventeen (17) years, without the right of modification, and notwithstanding that Wife may re-marry, that one or more of said children become self-supporting or emancipated, are living away at school and/or residing elsewhere than with Wife. It is contemplated by the parties that the Wife will have received the sum of Four Hundred Thirteen Thousand ($413,000.00) Dollars at the end of said seventeen (17) year period."

In 1978, Thomas and Gregory Weyl, two of the parties' sons, came to live with their father. On September 7, 1978, upon consent and stipulation of the parties and without prejudice to the contractual rights of the parties, Family Court amended the judgment of divorce by reducing defendant's child support obligation for the reason that there had been a reduction in defendant's income. However, Family Court rejected defendant's additional grounds for relief based upon a physical change in the custody of the two children.

Plaintiff subsequently commenced a breach of contract action, based upon the separation agreement, for the difference between the amount defendant paid as child support under the separation agreement and the lesser amount he paid pursuant to Family Court's order. Thereafter, plaintiff moved for summary judgment in the stipulated amount of $28,205, which Special Term granted. However, Special Term also granted defendant a setoff of $11,585 against said judgment for reimbursement for necessary expenses of the two children who were no longer being supported by plaintiff. Both parties served notices of appeal, but only plaintiff now demands relief.

The parties elected to perfect this appeal upon the basis of a statement in lieu of record on appeal pursuant to CPLR 5527. By doing so, they have agreed that the questions presented on this appeal can be determined without an examination of the pleadings, which are not contained in the record (CPLR 5527, 5528). Neither party contends that there were infirmities in the pleadings sufficient to preclude Special Term from granting judgment as it did.

From the written decision and the summaries which make up the record, we conclude that defendant's answer did not deny the material allegations of the complaint nor question the amount due plaintiff pursuant to the separation agreement. We conclude that Special Term's use of the word "set-off" was used in its usual sense as "[a] counter-claim demand which defendant [held] against plaintiff, arising out of a transaction extrinsic of plaintiff's cause of action" (Black's Law Dictionary 1230 [5th ed 1979]).

Plaintiff contends that Special Term, in effect, modified the separation agreement contrary to the explicit terms thereof. We believe that plaintiff's conclusion results from a misinterpretation of the contract. It is true that defendant's responsibility to make child support payments did not terminate or diminish when the children left plaintiff's home. But, it is equally true that plaintiff's parental duty and the duty she assumed by the separation agreement to support the children also did not termi-

nate or diminish. The mere fact that the children took up residence in defendant's home did not relieve plaintiff of her responsibility. Her obligation to reimburse defendant, under the circumstances of this case, is no different from her obligation to reimburse a third party. Long-established law gives one who has provided necessaries to an infant a cause of action against a parent having the responsibility of supporting the infant (*see*, 16 NY Jur, Domestic Relations, §§ 594, 595, 598).

Judgment affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.