■ CARA B. DONNELLY, Respondent, v ALLAN F. MATHESON, Appellant.—In an action to recover accrued arrears of child support which are due and payable pursuant to a separation agreement, defendant husband appeals from an order of the Supreme Court, Rockland County (Walsh, J.), dated January 17, 1984, which denied his motion for summary judgment dismissing the complaint.

Order affirmed, with costs.

The parties entered into a separation agreement which was thereafter incorporated, but not merged, into a judgment of divorce. Accordingly, the separation agreement continued in effect as a separate and independent contractual arrangement between the parties (Goldman v Goldman, 282 NY 296), and a subsequent modification of the judgment of divorce would not

operate as a modification of the separation agreement absent a clear expression by the parties of such an intent (*see, Kleila v Kleila,* 50 NY2d 277). Since there was no clear expression of such an intent by the parties to the separation agreement, the fact that petitions were brought in the Family Court by the Department of Social Services and the plaintiff wife, which resulted in reductions in the awards of child support below that incorporated into the judgment of divorce, did not foreclose the wife's right to sue on the contract for the difference between the reduced awards and the amount provided for in the separation agreement (*see, Kleila v Kleila, supra; Galyn v Schwartz,* 77 AD2d 437, *mod on other grounds* 56 NY2d 969; *Burtch v Burtch,* 98 AD2d 704). Mollen, P. J., Mangano, O'Connor and Weinstein, JJ., concur.