*107 OPINION OF THE COURT
Daniel F. Luciano, J.
Motion by the defendant, George Bouklas, to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the grounds of collateral estoppel and res judicata is denied, except that so much of the motion which seeks dismissal of the claim for unreimbursed medical expenses is denied without prejudice to assertion of the defenses of collateral estoppel and res judicata at trial.
In this action to recover arrears for child support and unreimbursed medical expenses allegedly due pursuant to a written stipulation of settlement which was incorporated, but not merged, into the parties’ judgment of divorce dated July 14, 1984, the defendant, George Bouklas, has moved to dismiss pursuant to CPLR 3211 (a) (5) on the grounds of res judicata and collateral estoppel.
The essential question in dispute is whether the order issued by Judicial Hearing Officer M. Michael Potoker in the Supreme Court, Kings County, on January 15, 1986, which provided for a reduction in the defendant’s, George Bouklas, child support obligations, provided for such reduction in the parties’ contractual agreement as well as in the judgment of divorce.
The plaintiff, Karen Bouklas, asserts that the prior proceeding involved only the defendant’s, George Bouklas, obligations under the judgment of divorce and that his contractual obligations exist independently. It is for this reason that the current action is brought for breach of contract.
In support of her position the plaintiff, Karen Bouklas, has cited Goldman v Goldman (282 NY 296); Kleila v Kleila (50 NY2d 277), and Hardy v Hardy (96 AD2d 743). In Kleila v Kleila (supra), the Court of Appeals stated, inter alia, "[w]hen parts of a separation agreement are incorporated into but not merged within a divorce decree, the separation agreement continues in effect as a separate and independent contractual arrangement between the parties (Goldman v Goldman, 282 NY 296, supra; see 2 Foster and Freed, Law and the Family, § 28:53).” (50 NY2d, at p 283.)
Subsequent to this May 1, 1980 decision of the Court of Appeals, however, New York Equitable Distribution Law became effective including Domestic Relations Law § 236 (B) (9) (b), which provides, in part: "Upon application by either party, the court may annul or modify any prior order or judgment as *108 to maintenance of child support, upon a showing of the recipient’s inability to be self-supporting or a substantial change in circumstance, including financial hardship. Where, after the effective date of this part, a separation agreement remains in force no modification of a prior order or judgment incorporating the terms of said agreement shall be made as to maintenance without a showing of extreme hardship on either party, in which event the judgment or order as modified shall supersede the terms of the prior agreement and judgment for such period of time and under such circumstances as the court determines.”
In the words of the Appellate Division, Second Department, in Busetti v Busetti (108 AD2d 769, 771):
"The stipulation of settlement * * * suffices as a separation agreement within the meaning of this provision (see, Harrington v Harrington, 103 AD2d 356; Mutinelli v Mutinelli, 114 Misc 2d 511).
"This provision has expanded the court’s statutory powers to include the ability to 'supersede’ (meaning to set aside or suspend, see, Black’s Law Dictionary 1607 [4th ed]) the maintenance provisions of a separation agreement entered into on or after July 19, 1980 (see, Pintus v Pintus, 104 AD2d 866; Mutinelli v Mutinelli, supra; Foster, A Practical Guide to the New York Equitable Distribution Divorce Law, at 69-72; 11C Zett-Kaufman-Kraut, NY Civ Prac, ch 73; see, Scheinkman, Practice Commentary, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law C236B:28, 1983-1984 Pocket Part, pp 171-172). These new powers 'mark a significant departure from the long-established matrimonial practice, which had recognized the independent viability of all terms of a surviving separation agreement, despite court modifications of directives, incorporated from such agreements’ (11C Zett-KaufmanKraut, NY Civ Prac at 73-12; Mutinelli v Mutinelli, supra). Thus, Domestic Relations Law § 236 (B) (9) (b) purports to allow the court to, in effect, suspend the separation agreement for as long as necessary and, thus, precludes the party who is adversely affected by the modification from bringing a contract claim to recover the difference between the amount agreed to and the amount as modified (see, Tuckman v Tuckman, 112 Misc 2d 803; Scheinkman, Practice Commentary, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law C236B:28, 1983-1984 Pocket Part, pp 171-172).” (Accord, Pintus v Pintus, 104 AD2d 866.)
*109 Significantly, however, this action seeks recovery, not of maintenance, but child support under the terms of the stipulation. The reason this point is significant is that Domestic Relations Law § 236 (B) (9) (b) refers only to maintenance, and not to child support, in the provision which states that the modification shall supersede the prior agreement. (Scheinkman, Practice Commentary, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law C236B:28, 1986 Supp Pamph, pp 156-157; Siegel, Practice Commentary, op. cit., Domestic Relations Law C236B:28, 1986 Supp Pamph, pp 236-237.)
In Boden v Boden (42 NY2d 210, 212), the Court of Appeals stated: "A husband and wife, in entering into a separation agreement, may include in that agreement provisions pertaining to the support of the children of their marriage. The terms, like any other contract clauses, are binding on the parties to the agreement.” In Matter of Brescia v Fitts (56 NY2d 132, 138) the Court of Appeals said: "While the parties to a separation agreement are, in the usual case, bound by its provisions regarding the allocation of the financial responsibility of supporting the children, there are circumstances under which a court may properly modify that stipulated allocation.”
Subsequently, in Matter of Funt v Funt (107 AD2d 646, 647, affd 65 NY2d 893) the Appellate Division wrote: "We are aware that provisions contained in a separation agreement for child support and subsequently incorporated into a divorce decree, whether merged in the decree or not, are not written in stone. They are susceptible to change to meet the changing needs of the children and the ability of the parent to pay (Matter of Boden v Boden, 42 NY2d 210).”
The conclusion to be reached upon a review of these principles is that the currently applicable law in regard to modification of child support obligations is, in this regard, the same as the law which applied to modification of alimony payment prior to the enactment of Domestic Relations Law § 236 (B) (9) (b). Thus, while the courts are empowered to modify the decretal provisions of a judgment regarding child support upon an appropriate showing (see, e.g., Matter of Brescia v Fitts, supra) the contractual obligations regarding child support remain notwithstanding a court’s downward modification of the payments due pursuant to the terms of the judgment. (See, Weyl v Weyl, 111 AD2d 511.) Certainly, the plaintiff’s, *110 Karen Bouklas, prior cross motion for relief pursuant to a judgment was not the equivalent of a plenary action on a contract.
Accordingly, while a contract action commenced in the same procedural setting as this action would be dismissed if it sought recovery of spousal maintenance, this contract action for child support is not to be dismissed.
Finally, there is a question as to whether the plaintiff, Karen Bouklas, is entitled to assert her claim for the sum of $400 for recovery of unreimbursed medical expenses. The complaint is silent as to when these expenses accrued.
In the prior Kings County proceeding the plaintiff, Karen Bouklas, had sought recovery of certain unreimbursed medical expenses due pursuant to the terms of the stipulation of settlement. A determination as to the right to payment for the unreimbursed medical expenses was made on the merits, and the plaintiff’s, Karen Bouklas (there the defendant), claim of $1,540 for unreimbursed medical expenses was reduced to $770.
Whether the current claim to $400 for unreimbursed medical expenses involves the same claim, or subsequently incurred medical expenses, is unclear. This information is ascertainable by means of a bill of particulars.
Accordingly, that much of the present motion which seeks dismissal of the claim of $400 for unreimbursed medical expenses is denied without prejudice to assertion of a collateral estoppel or res judicata defense at trial.
In all other respects the motion to dismiss the complaint is denied.