■ ROSEMARIE VOSS, Respondent, v ROGER VOSS, Appellant. —In an action to recover arrears of child support and college costs owed by the defendant pursuant to a separation agreement, the defendant appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Orange County (Green, J.), dated August 15, 1986, which, *inter alia,* granted that branch of the plaintiff's motion which was for partial summary judgment for child support arrears and failed to search the record and grant the defendant summary judgment, *inter alia,* dismissing the plaintiff's claim for attorneys' fees.

Ordered that the order is modified, on the law, by deleting the provision thereof concerning the plaintiff's request for attorneys' fees and substituting therefor a provision that, upon searching the record, the plaintiff's claim for attorneys' fees is dismissed; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff Rosemary Voss and the defendant Roger Voss were married December 10, 1966 and had two children. They entered into a separation agreement (hereinafter the agreement) dated January 19, 1981, which provided in pertinent part:

"ALIMONY and SUPPORT * * *

"(b) The husband, will pay to the wife, as and for the support and maintenance of the unemancipated children of

the parties, the sum of ONE HUNDRED ($100.00) DOLLARS per week, payable weekly commencing with the execution hereof.

"(c) The husband also agrees to pay for the higher education of the * * * children at his own cost and expense if said children so desire said higher education".

By judgment of the Supreme Court, Orange County (Ferraro, J.), dated February 11, 1981, the parties were divorced. The agreement was incorporated into but survived the judgment of divorce. On or about July 14, 1982, the plaintiff brought a petition to enforce the child support provision of the divorce judgment in the Family Court, Orange County. The Family Court (Mishkin, J.), ordered the defendant to pay $50 per week to support his two children. The instant action seeks to enforce the agreement (1) for the difference between the reduced award and the amount provided for in the agreement, and (2) college costs for one of the parties' children.

As the agreement was entered into on January 19, 1981, this action is governed by Domestic Relations Law § 236 (B) (9) (b) which provides in pertinent part: "Where, after the effective date of this part [July 19, 1980] a separation agreement remains in force no modification of a prior order or judgment incorporating the terms of said agreement shall be made as to maintenance without a showing of extreme hardship on either party, in which event the judgment or order as modified shall supersede the terms of the prior agreement and judgment for such period of time and under such circumstances as the court determines * * * The provisions of this subdivision shall not apply to a separation agreement made prior to the effective date of this part".

As we noted in *Busetti v Busetti* (108 AD2d 769, 771, n), there is some question whether this provision as to maintenance is constitutional. The issue is not raised on this appeal and, in any event, maintenance is not at issue here.

The defendant contends that this provision gives the Family Court the power to supersede the agreement by modifying the divorce judgment which incorporated the agreement. Therefore, the defendant concludes that by suing in the Family Court, the plaintiff is precluded from now suing on the agreement.

The express language of Domestic Relations Law § 236 (B) (9) (b) mandates rejection of the defendant's position. This provision gives the Family Court the authority to supersede only the maintenance provisions of a separation agreement,

not the child support provisions *(see, Bouklas v Bouklas,* 133 Misc 2d 106; Foster, A Practical Guide to the New York Equitable Distribution Divorce Law, at 71; *see also, Busetti v Busetti,* 108 AD2d 769, *supra,* and the citations therein). "Accordingly, while a contract action commenced in the same procedural setting as this action would be dismissed if it sought recovery of spousal maintenance, this contract action for child support is not to be dismissed" *(Bouklas v Bouklas, supra,* at 110).

Nor does the agreement express a clear intent by the parties to preclude a later suit on the agreement after the plaintiff has sued on the divorce judgment *(see, Donnelly v Matheson,* 112 AD2d 341).

Thus, as the defendant does not allege that he has made the payments which the plaintiff seeks, partial summary judgment for child support arrears was properly granted to the plaintiff, with the amount of the arrears to be set at a hearing or inquest.

However, the Supreme Court, Orange County, erred in reserving decision on whether to award the plaintiff attorneys' fees. The plaintiff's papers make it clear that she seeks fees under Domestic Relations Law § 238. Such fees cannot be awarded in this case *(see, Galyn v Schwartz,* 56 NY2d 969). Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.