■ In the Matter of TRUDY SILANE, Also Known as TRUDY HECHT, Appellant, v JOHN SILANE, Respondent.—In a proceeding pursuant to Family Court Act article 4 for a downward modification of the child support provisions of a judgment of divorce, the petitioner former wife appeals from an order of the Family Court, Nassau County (Mosca, J.), dated July 7, 1989, which sustained the respondent former husband's objections to an order of the same court (Bannon, H.E.), dated April 17, 1989, and reduced the respondent's child support obligation under the judgment from $300 to $200 per week, with a retroactive credit of $2,500.

Ordered that the order is reversed, on the law, with costs, the respondent's objections to the Hearing Examiner's order are denied, and the order dated April 17, 1989, is confirmed.

The parties were divorced pursuant to a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered October 31, 1988. Pursuant to the terms of the judgment, the respondent former husband was directed to pay to the petitioner former wife the sum of $300 per week for the support of the parties' two children. The divorce judgment was predicated upon the parties' stipulation of settlement, entered into on September 8, 1988. The stipulation was incorporated by reference but not merged in the judgment. The judgment provided that the Supreme Court and Family Court would retain concurrent jurisdiction for the purpose of enforcing the stipulation and making further orders with respect to maintenance, custody, support or visitation as either court deemed appropriate.

Contrary to the petitioner's contention, the Family Court was clearly within its jurisdiction in modifying the terms of the child support provisions of the judgment of divorce. The instant case does not involve any attempt to set aside the terms of the underlying separation agreement (cf., Matter of Boden v Boden, 42 NY2d 210; Matter of Zamjohn v Zamjohn, 158 AD2d 895; Voss v Voss, 132 AD2d 545).

However, there is absolutely no basis in the record to warrant a downward modification of the support provisions of the judgment of divorce. Under the circumstances, the Family Court improperly sustained the respondent's objections to the Hearing Examiner's determination and erred in reducing the former husband's child support obligation under the judgment

from $300 to $200 per week. Mangano, P. J., Bracken, Kunzeman and Kooper, JJ., concur.