■ STATE OF NEW YORK, Plaintiff, v WARREN BROTHERS Co., INC., et al., Defendants. (Action No. 1.) TOWN OF HEMPSTEAD, Plaintiff, v ARNOLD CARLSON, Defendant. (Action No. 2.) JOHN J. DOWLING et al., Respondents-Appellants, v ARNOLD CARLSON, Appellant-Respondent.—In an action, *inter alia,* for the

abatement of a nuisance, the defendant Arnold Carlson appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Ain, J.), dated October 12, 1990, as directed the parties to comply with the terms of a conditional stipulation of settlement, and denied his cross motion for fees, costs and sanctions, and the plaintiffs John J. Dowling and Ralph G. Caso cross-appeal, as limited by their brief, from so much of the order as denied their motion to restore the action to the trial calendar.

Ordered that the order is modified (1) by deleting the provision thereof which denied the motion to restore the case to the trial calendar and by substituting therefor a provision granting the motion, and (2) by deleting the provision thereof which directed the parties to comply with a conditional stipulation of settlement; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The instant action stems from a longstanding claim by the County of Nassau that it is owed approximately $488,350 for costs which it had allegedly incurred in abating a public nuisance which had existed on a 32.7-acre lot formerly owned by the individual defendant Arnold Carlson. After litigating two separate actions, the first resulting in the aforesaid nuisance abatement and the second resulting in the condemnation of the property and Carlson being awarded approximately $2,600,000, the County withheld $488,350 from Carlson's condemnation award.

Subsequently, in a stipulation of settlement entered on the record before the Supreme Court, Nassau County (Yachnin, J.), on January 25, 1988, the parties agreed that Carlson would pay the County $100,000 as reimbursement for any costs incurred in abating the nuisance on the aforesaid property. The subject settlement was expressly conditioned upon approval by the Board of Supervisors of Nassau County, and, toward the end of the proceedings, the court made the following statement: "Upon stipulation of all parties this case is now deemed dismissed. Should the board of supervisors fail to approve the settlement, then upon the application of the attorney for the county of Nassau, the case will been [sic] reinstated provided that application is made by no later than April 30".

The attorneys for the County and the attorneys for Carlson agreed to various extensions of the April 30, 1988, deadline, with the last extension expiring on July 1, 1989. By notice of motion dated April 7, 1989, the County Attorney advised the court that the Board of Supervisors had not approved the

settlement and, consequently, requested that the case be restored to the trial calendar. In an order dated April 17, 1990, the Supreme Court, Nassau County (Ain, J.), denied the County's motion on the ground that it was time-barred and that the stipulation of settlement should be enforced (i.e., that Carlson's obligation would only be to pay $100,000). By an order dated October 12, 1990, the court, upon renewal and reargument, adhered to the original determination and denied Carlson's cross motion for sanctions.

Pursuant to CPLR 2104, an oral stipulation of settlement that is made in "open court" and stenographically recorded *(see, Matter of Dolgin Eldert Corp.,* 31 NY2d 1, 4; *Kalomiris v County of Nassau,* 121 AD2d 367), " 'becomes enforceable as a contract binding on all the parties thereto' " *(Skogsberg Constr. Co. v Hawthorne Indus. Park,* 94 AD2d 766, 767, quoting *Biener v Hystron Fibers,* 78 AD2d 162, 167), and is governed by general contract principles for its interpretation and effect *(see, Nishman v De Marco,* 76 AD2d 360, 366). Thus, "[a]s in a matter where parties seek enforcement of a contract, the court has the responsibility of effectuating the true intent of the parties" *(Furgang v Epstein,* 106 AD2d 609). Where the terms are unambiguous, the meaning must be gleaned from the plain meaning of the words used by the parties *(see, Furgang v Epstein, supra; see also, Northrup Contr. v Village of Bergen,* 129 AD2d 1002, 1003).

Here, it is uncontroverted that the parties modified their stipulation of settlement by agreeing to an extension of the County's deadline for obtaining the approval of the Board of Supervisors or for moving to restore the action to the trial calendar. Significantly, the stipulation in question neither contained a no-modification clause nor manifested any intent that subsequent modifications required the court's approval. Since the parties validly agreed to extend the restoration deadline to at least July 1, 1989, the Supreme Court erred in holding that the County's motion to restore was time-barred. Moreover, since the action had been settled, albeit conditionally, it did not fall within the scope of CPLR 3404 which generally provides that cases "marked 'off' or struck from the calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned" *(see, Merida v 200 W. 96th St.,* 19 NY2d 245; *see also, Auerbach v Kaufman,* 173 AD2d 229; *Trustees of Freeholders & Commonalty of Town of Southampton v Heilner,* 143 AD2d 134; *Thompson v Thompson,* 103 AD2d 772).

Furthermore, it is self-evident from the language employed

by the parties that they intended their stipulation of settlement to be conditioned upon approval by the Board of Supervisors *(see,* Nassau County Administrative Code § 11-3.0). It is axiomatic that if such a condition does not occur, performance under a contract is not due *(see,* Restatement [Second] of Contracts § 224). Since the subject settlement agreement was not approved by the Board of Supervisors, we find that the parties' performance thereunder could not be compelled by the court.

Carlson's contention that the cross motion, *inter alia,* for sanctions, should have been granted is without merit *(see,* EDPL 701; 22 NYCRR 130-1.1). Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.