In the Matter of RICHARD DeGRIJZE, Appellant, v LORETA D. VELCARRIO, Also Known as LORETA DELVICCARIO, Respondent. [643 NYS2d 1016]

The petitioner father and the respondent mother, who have two minor children, were divorced by a judgment dated March 18, 1993, which gave custody of the children to the mother and suspended the father's visitation rights and child support obligations during the period of his incarceration on an unre-

lated matter. The judgment also gave the Family Court concurrent jurisdiction with the Supreme Court with respect to the issues of custody, visitation, maintenance, and support.

In May 1994 the father commenced this Family Court proceeding seeking visitation. The Family Court dismissed the petition without a hearing, concluding that it was bound by the visitation provision of the divorce judgment. The court also denied as academic other motions which were then pending, including, *inter alia,* motions for assignment of counsel and appointment of a law guardian for the children.

Because the judgment of divorce gave the Family Court concurrent jurisdiction to decide visitation issues, the court is not bound by the terms of the judgment, and has jurisdiction to entertain the father's application for a modification of visitation *(see, Matter of Marotta v Fariello,* 207 AD2d 450; *Matter of Silane v Silane,* 173 AD2d 708; *see also, Matter of Thaxton v Morro,* 222 AD2d 955; *Matter of Tavolacci v Garges,* 124 AD2d 734). We therefore reinstate the father's petition and remit the matter to the Family Court, which should render a determination on the merits after addressing the other motions which were pending. Mangano, P. J., Rosenblatt, Ritter and Copertino, JJ., concur.