■ In the Matter of the Estate of KENNETH E. OLSEN, Deceased. RICHARD DAURIA, Appellant; ROBERT DAURIA, Respondent. [793 NYS2d 524]—

In a probate proceeding, Richard Dauria appeals from an order of the Surrogate's Court, Richmond County (Fusco, S.), dated December 23, 2003, which granted the motion of Robert Dauria to hold him in default of a stipulation entered in open court allowing him to purchase certain real property for the sum of $490,000, imposing a penalty of $49,000, amounting to 10% of the purchase price, and to accept his own bid to purchase the property for $480,000. By decision and order on motion of this Court dated February 4, 2004, enforcement of the order was stayed pending the hearing and determination of the appeal.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is denied, and the matter is remitted to the Surrogate's Court, Richmond County, for further proceedings in accordance herewith.

Richard Dauria and his brother Robert Dauria, as heirs to the estate of their mother, the late Claire Dauria, and residual legatees of their stepfather, the decedent Kenneth Olsen, held certain real property which is the subject of the instant dispute. They agreed, in open court, that the Surrogate would conduct an auction, they would be the only two bidders, and the successful bidder would buy out his brother's interest within 45 days. Their stipulation provided that "[i]f the successful bidder does not close within forty-five days . . . then he will be deemed to be in default" and forfeit 10% of the purchase price from his inheritance. Richard Dauria's bid of $490,000 was $10,000 more than the highest bid of his brother Robert.

Thereafter the brothers entered into a "contract of sale" which required delivery to Richard Dauria of "a Executor's deed." Since their stipulation in open court did not contain a "no modification clause" and did not manifest an intent that modification of the stipulation would require the approval of the court, they were bound by that additional term in the "contract of sale" which modified the stipulation (see State of New York v Warren Bros. Co., 190 AD2d 728, 730 [1993]). However, the parties failed to complete the procedural requirements for issuing preliminary letters testamentary. Therefore, title could not be conveyed by executor's deed. Richard Dauria was justified in refusing to proceed with the closing, since title could not be conveyed by executor's deed in accordance with the terms of the stipulation, as amended by the terms of the contract of sale.

The parties' remaining contentions need not be addressed in light of our determination. Schmidt, J.P., Goldstein, Crane and Fisher, JJ., concur.