HILDA RAMOS, Appellant, v CITY OF NEW YORK et al., Respondents. [858 NYS2d 702]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), entered April 10, 2007, which, upon an order of the same court dated May 12, 2005, granting that branch of the defendants' motion which was, in effect, to dismiss the complaint pursuant to CPLR 3211 (a) (7), dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, the branch of the defendants' motion which was, in effect, to dismiss the complaint pursuant to CPLR 3211 (a) (7) is denied, the complaint is reinstated, and the order dated May 12, 2005, is modified accordingly.

The plaintiff, a bus matron on a privately-operated school bus for special education students, was attacked by one of the students and allegedly injured. On or about January 25, 2001, she commenced this personal injury action against the Board of Education of the City of New York and the City of New York. The parties conducted discovery and the plaintiff filed the note of issue on May 1, 2003.

In 2004 the defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) and/or for summary judgment pursuant to CPLR 3212. In an order entered July 2, 2004, the Supreme Court, Kings County (Partnow, J.), stated, in toto: "[u]pon oral argument the City & Board of Education's motion for summary judgment is denied as untimely."

Approximately nine months later, the matter was transferred to another justice for trial and a jury was impaneled. On the day that trial was to begin, the defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7). They submitted papers to the court identical to those submitted on the prior motion, except for the name of the attorney and the date. The Supreme Court granted the motion and judgment was entered dismissing the complaint. The plaintiff appeals.

The single motion rule prohibits parties from making successive motions to dismiss a pleading (see CPLR 3211 [e]; Held v Kaufman, 91 NY2d 425, 430 [1998]; Klein v Gutman, 12 AD3d 417, 419 [2004]; B.S.L. One Owners Corp. v Key Intl. Mfg., 225 AD2d 643, 644 [1996]). Therefore, although a motion based on the ground that the complaint fails to state a cause of action may be raised at any time, a party may not make a second motion pursuant to CPLR 3211 based on that ground, but must raise the ground "in another form" (McLearn v Cowen & Co., 60 NY2d 686, 689 [1983]; see CPLR 3211 [e]).

The defendants contend that the order entered July 2, 2004, did not determine that branch of its previous motion which

sought dismissal of the complaint pursuant to CPLR 3211 (a) (7), since it merely stated that the motion for summary judgment was denied as untimely. They argue that this branch of the motion therefore was still pending and could be properly determined by the trial court. However, under the circumstances of this case, the defendants waived that argument and their motion before the trial court was therefore precluded pursuant to the single motion rule.

In the approximately nine months between the order entered July 2, 2004, and the date that trial was to begin, the defendants never raised the argument before the hearing court that the CPLR 3211 branch of their motion was still pending. They never moved for leave to reargue that branch of their motion (*see* CPLR 2221). They also never moved to compel the determination of that branch of the motion (*see* CPLR 2219 [a]; *cf. Matter of DeGrijze v Velcarrio,* 228 AD2d 500 [1996]), or brought a proceeding to compel such determination (*see Matter of Weinstein v Haft,* 60 NY2d 625, 627 [1983]; *Matter of Law Offs. of Russell I. Marnell, P.C. v Blydenburgh,* 26 AD3d 495 [2006]). Instead, the defendants only raised the issue of the sufficiency of the complaint after the matter had been transferred to another justice for trial and a jury empaneled. They did not move to have the dismissal motion transferred to the motion court (*see* CPLR 2217 [c]). The defendants did not argue, as they do here, that the CPLR 3211 branch of the original motion was still pending, or even alert the court to the fact that a prior motion had been made and denied. Moreover, the defendants resubmitted the motion papers submitted on the prior motion, which recited that the motion was for dismissal pursuant to CPLR 3211 and/or CPLR 3212 and discussed the standard for summary judgment at length. Finally, their oral arguments in support of the motion were clearly addressed to both the sufficiency of the complaint and to summary judgment.

The defendants' attempt to get a second bite of the apple in front of a different justice cannot be countenanced. By failing to take the available procedural steps to have that branch of their original motion properly determined, acquiescing in the transfer of the case to a different justice for trial, participating in the empanelment of a jury, and failing to alert the trial court to the prior motion and argue that it had not been fully determined, the defendants waived the argument that the CPLR 3211 branch of their original motion was not determined in the order entered July 2, 2004. Accordingly, their motion, in effect, to dismiss the complaint pursuant to CPLR 3211 (a) (7) should have been denied as procedurally barred by the single motion rule.

In light of our determination, we need not reach the plaintiff's remaining contentions. Fisher, J.P., Covello, Angiolillo and Belen, JJ., concur.