KIM L., Respondent, v PORT JERVIS CITY SCHOOL DISTRICT, Appellant. [877 NYS2d 421]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Orange County (McGuirk, J.), dated March 28, 2008, which denied, as barred by the doctrine of res judicata, its motion pursuant to CPLR 3211 (a) (5) and General Municipal Law § 50-e (1) (a) to dismiss the complaint as time-barred, and denied, as academic, the plaintiff's motion to deem the notice of claim timely served nunc pro tunc or, in the alternative, for leave to serve a late notice of claim.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for a determination of both motions on the merits.

In February 2005 the plaintiff, Kim L., served upon the defendant a notice of claim alleging, inter alia, that her son, a student at Hamilton Bicentennial Elementary School, had repeatedly been assaulted by another student at the school. Thereafter, the defendant conducted oral examinations pursuant to General Municipal Law § 50-h. In February 2006, the plaintiff commenced this action against the Port Jervis City School District (hereinafter the defendant). In August 2006, after issue was joined, the defendant moved pursuant to CPLR 3211 to dismiss the complaint on the ground that the notice of claim did not meet the specificity requirements of General Municipal Law § 50-e (2) as to the dates, times, and locations of the alleged acts. The defendant also argued that dismissal was warranted because the plaintiff's son failed to complete his oral examination under General Municipal Law § 50-h. The Supreme Court denied the defendant's motion, finding that the notice of claim, combined with other evidence before the court, was adequate. This Court affirmed the Supreme Court's order by order dated May 29, 2007 (see Kim L. v Port Jervis City School Dist., 40 AD3d 1042 [2007]).

In July 2007, the defendant moved pursuant to CPLR 3211 (a) (5) and General Municipal Law § 50-e (1) (a) to dismiss the complaint as time-barred. The defendant contended that the February 2005 notice of claim was untimely, because it was served more than 90 days after the date of the last occurrence, which was in or around June 2004 (see General Municipal Law § 50-e [1] [a]), and that consequently, the action, which was commenced in February 2006, was untimely since it was commenced more than one year and 90 days after the happening of the event (see General Municipal Law § 50-i [1]). The plaintiff

opposed the motion and moved to deem the notice of claim timely served, nunc pro tunc, or, in the alternative, for leave to serve a late notice of claim.

The Supreme Court denied the defendant's motion on the ground that this Court had determined, on the prior appeal, that the notice of claim was timely served and that the defendant's argument was barred by the doctrine of res judicata. The Supreme Court also denied the plaintiff's motion as academic. We reverse.

Contrary to the Supreme Court's finding, this Court, on the prior appeal, did not address or decide the issue of timeliness of the notice of claim. On that appeal, the defendant never argued that dismissal was warranted because the notice of claim was untimely served. To the extent the defendant mentioned untimeliness, it did so solely in the context of its purported inability to conduct a meaningful investigation into the plaintiff's claims because of the alleged deficiencies in the notice of claim. Moreover, the plaintiff, in her brief on the prior appeal, specifically acknowledged that the timeliness of the notice of claim was not before this Court. Thus, the Supreme Court erred in concluding that the defendant was barred by the doctrine of res judicata from raising the untimeliness argument on its subsequent motion. We further find on this record that the defendant was not precluded by the "single motion rule" from moving to dismiss the complaint based upon the alleged untimeliness of the notice of claim (*see* CPLR 3211 [e]; *see generally Ramos v City of New York,* 51 AD3d 753, 754 [2008]). In addition, a defendant may raise the issue of a plaintiff's failure to serve a timely notice of claim at any time prior to trial (*see Wade v New York City Health & Hosps. Corp.,* 16 AD3d 677 [2005]). Since the Supreme Court should have decided the defendant's motion on the merits, it should have addressed the plaintiff's responsive motion on the merits as well.

The parties' remaining contentions are without merit, are improperly raised for the first time on appeal, or have been rendered academic by our determination. Dillon, J.P., Miller, Belen and Chambers, JJ., concur.