■ David R. Eichler, Appellant, v Town of Cortlandt, Respondent. [833 NYS2d 216]—

In an action, inter alia, to recover damages for breach of a stipulation of settlement, the plaintiff appeals from an order of the Supreme Court, Westchester County (Murphy, J.), entered December 12, 2005, which denied that branch of his motion which was, in effect, for summary judgment on the issue of liability for breach of the stipulation.

Ordered that the order is affirmed, without costs or disbursements.

In a prior action against the defendant, the Town of Cortlandt, the plaintiff alleged that the Town's negligent diversion of a stream had caused flooding on his property. That action was resolved through a stipulation of settlement, under which the Town paid the plaintiff the sum of $22,500, and the plaintiff granted the Town an easement over his land and agreed to refrain from commencing any litigation against the Town for 18 months, to allow the Town to commence, or continue, "a study of the entire water drainage area" and to "take whatever steps it deems appropriate in accordance with such a study." The Town took no action, and some three years later a tropical storm produced flooding that caused substantial damage to the plaintiff's property. The plaintiff then commenced the instant action, alleging that the Town breached the stipulation of settlement by failing to conduct a study or take remedial action within 18 months and that it negligently maintained its drainage system, and thus was liable for the flood damage to his property. The plaintiff moved, inter alia, for summary judgment on the issue of liability, in effect, on the first cause of action to recover damages for breach of the stipulation of settlement. The Supreme Court denied this branch of the motion. We affirm.

Contrary to the dictum in the Supreme Court's decision which, nevertheless, did not dismiss the plaintiff's first cause of action sounding in breach of contract, the alleged breach of the stipulation of settlement is actionable under general contract principles (see Carnicelli v Carnicelli, 205 AD2d 726, 727-728 [1994]; State of New York v Warren Bros. Co., 190 AD2d 728, 730 [1993]).

Here, the plaintiff failed to carry his burden in the first instance of establishing his prima facie entitlement to summary judgment by proving that the defendant's alleged breach of its undertaking to engage in "a study of the entire water drainage area" caused any damage to the plaintiff (*see Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993]). The burden of establishing a triable issue of fact never shifted to the defendant in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court correctly denied the plaintiff's motion for summary judgment on its cause of action to recover damages for breach of the stipulation.

The plaintiff's remaining contentions are without merit. Crane, J.P., Rivera, Goldstein and Balkin, JJ., concur.