ISLAND PARK, LLC, Appellant, v STATE OF NEW YORK, Respondent. [941 NYS2d 296]—

Malone Jr., J. Appeal from an order of the Court of Claims (DeBow, J.), entered September 9, 2011, which, among other things, granted defendant's cross motion for summary judgment dismissing the claim.

In February 2005, the Department of Transportation (hereinafter DOT) commenced a proceeding pursuant to Railroad Law § 97 and successfully obtained an order stating that a private at-grade railroad crossing, commonly known as Abele's Crossing, should be closed and discontinued due to serious safety concerns. Claimant, who holds an easement at Abele's Crossing and utilizes it to move farm equipment across the tracks, commenced a proceeding pursuant to CPLR article 78 challenging that determination, alleging, among other things, that DOT's determination to close the crossing was not supported by substantial evidence and that the closure order was defective because DOT did not acquire claimant's property interest prior to ordering the closure. In April 2009, this Court upheld DOT's determination, finding, among other things, that "DOT's concerns [about the safety of the crossing] are real and legitimate and its determination to close the crossing is supported by substantial evidence" (*Matter of Island Park, LLC v New York State Dept. of Transp.*, 61 AD3d 1023, 1027 [2009]). This Court also found that Railroad Law § 97 (5) did not require DOT to acquire claimant's property interest prior to ordering the crossing closed. Pursuant to DOT's direction, the crossing was closed and discontinued in November 2009.*

Claimant commenced this action in January 2010, alleging that the closing of Abele's Crossing constituted a de facto taking by defendant for which defendant was required to provide claimant just compensation. Claimant moved for partial summary judgment on the issue of liability and defendant cross-moved for summary judgment dismissing the claim. The Court of Claims granted defendant's cross motion and claimant appeals.

Contrary to claimant's contention, judicial estoppel does not preclude defendant from asserting that it is not required to pay claimant just compensation for claimant's loss of use of the easement over Abele's Crossing. In the previous appeal to this Court, defendant did not take the position that claimant would be entitled to receive compensation as a result of the alleged taking. Rather, defendant took the position that, while it did not believe that it was required to obtain claimant's property interest before ordering the closure of the crossing, nothing

---

* In June 2007, plaintiff successfully obtained a permanent injunction in federal district court that prohibited defendant from enforcing the closure order on the basis that the closure order was preempted by federal law. That order was reversed in March 2009 upon appeal to the Second Circuit (*Island Park, LLC v CSX Transp.*, 559 F3d 96 [2009]) and, ultimately, plaintiff's complaint was dismissed (*Island Park, LLC v CSX Transp., Inc.*, US Dist Ct, ND NY, Jan. 22, 2010, Kahn, J.)

prohibited claimant from filing a claim alleging a de facto taking. By now defending itself against such claim, it cannot be said that defendant is assuming a position contrary to that from the prior appeal (*see Kilcer v Niagara Mohawk Power Corp.*, 86 AD3d 682, 683 [2011]; *Kittner v Eastern Mut. Ins. Co.*, 80 AD3d 843, 846 [2011], *lv dismissed* 16 NY3d 890 [2011]).

Turning to the merits, the parties do not dispute that defendant acted pursuant to Railroad Law § 97 (3), rather than the Eminent Domain Procedure Law, in closing Abele's Crossing. According to defendant, because the closure of the crossing was ordered pursuant to its police power, any injuries suffered by claimant as a result are not compensable. Claimant contends, however, that regardless of the nature of defendant's authority, the closure of the crossing constitutes a de facto taking for which it is entitled to receive just compensation. Contrary to claimant's contention, however, the nature of defendant's action is directly related to the determination of whether there has been a compensable taking. When defendant appropriates unto itself private property and puts it to public use, compensation must be paid (*see e.g.* NY Const, art 1, § 7 [a]). But where defendant regulates the use of private property in a reasonable manner to protect the health and safety of the public—i.e., to "prevent an impending danger emanating directly from the use or condition of the property"—the property owner is not entitled to compensation (*Birnbaum v State of New York*, 73 NY2d 638, 646 [1989], *cert denied* 494 US 1078 [1990]; *see Fred F. French Inv. Co. v City of New York*, 39 NY2d 587, 589 [1976]; *Lutheran Church in Am. v City of New York*, 35 NY2d 121, 128-129 [1974]), unless the regulation "permanently so restricts the use of property that it cannot be used for any reasonable purpose" and effectively destroys its economic value (*Arverne Bay Constr. Co. v Thatcher*, 278 NY 222, 232 [1938]; *see Fred F. French Inv. Co. v City of New York*, 39 NY2d at 593).

Here, in closing Abele's Crossing, defendant did not appropriate claimant's easement for public use but, rather, ordered it closed because, as it has been determined, the crossing presented a significant danger to the public (*Matter of Island Park, LLC v New York State Dept. of Transp.*, 61 AD3d at 1025-1027). As noted by the Court of Claims, defendant's regulation of railroad crossings historically has been recognized as an exercise of its police power (*see e.g. Miller v State of New York*, 277 AD2d 770 [2000]; *Matter of East Seneca St. Grade Crossing in City of Oswego*, 244 App Div 664 [1935], *affd* 271 NY 567 [1936]), and the evidence here supports a finding that defendant's order directing the closure of Abele's Crossing was likewise an exercise

of that power. Finally, claimant contends that the closing of the crossing requires it to travel approximately five additional miles over public roads in order to access its fields. While such route may be more inconvenient for claimant, there is no evidence that by traveling five additional miles the economic value of claimant's fields has been effectively destroyed or that the closing of the crossing "impose[s] so onerous a burden" such that it has deprived claimant of "the reasonable income" it derives from the fields (*Fred F. French Inv. Co. v City of New York*, 39 NY2d at 593).

Claimant's remaining contentions have been considered and found to be unpersuasive.

Mercure, A.P.J., Peters, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

