[993 NE2d 1264, 971 NYS2d 243]

ISLAND PARK, LLC, Appellant, v STATE OF NEW YORK, Respondent.

Argued May 30, 2013; decided June 26, 2013

## APPEARANCES OF COUNSEL

*Young/Sommer LLC*, Albany (*J. Michael Naughton* of counsel), for appellant.

*Eric T. Schneiderman, Attorney General*, Albany (*Andrew D. Bing, William E. Storrs, Peter H. Schiff* and *Barbara D. Underwood* of counsel), for respondent.

*Elizabeth Dribusch, General Counsel, New York Farm Bureau*, Albany (*Cynthia Feathers* of counsel), for New York Farm Bureau, amicus curiae.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

Claimant brought this action in the Court of Claims to recover compensation for an alleged regulatory taking of its property. The basis for the claim is that the State Department of Transportation required the closure of a railroad crossing that claimant had used to move equipment from one part of its land to another. The record shows that the Department ordered the closure after it determined that the crossing presented a safety hazard. It found that fast-moving trains passed by frequently; that a curve in the tracks limited the distance at which a train could be seen from the crossing; that heavy, slow-moving farm equipment was being transported over the tracks; and that there was a substantial grade at the approaches to the crossing, which made it necessary for crossing vehicles to reduce their speed. In a CPLR article 78 proceeding brought by claimant, the Department's determination was upheld as being supported by

substantial evidence (*Matter of Island Park, LLC v New York State Dept. of Transp.*, 61 AD3d 1023 [3d Dept 2009]).

On this record, the conclusion is inescapable that the closure of the crossing was a proper exercise of the State's police power. Moreover, claimant has failed to show the extent to which the Department's action diminished the value of its land, and has not argued that its easement to cross the railroad tracks should be treated for these purposes as an item of property separate from the land itself. Claimant's claim of a regulatory taking is without merit.

Chief Judge Lippman and Judges Graffeo, Read, Smith, Pigott, Rivera and Abdus-Salaam concur.

Order affirmed, with costs, in a memorandum.