██ ETHAN HOLOHAN, an Infant, by His Mother and Natural Guardian, VANESSA HOLOHAN, et al., Respondents, v COUNTY OF SUFFOLK et al., Appellants. [52 NYS3d 642]—

In an action to recover damages for personal injuries, etc., the defendants County of Suffolk, Suffolk County Department of Parks, Recreation and Conservation, and Cedar Point County Park appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Santorelli, J.), dated June 11, 2015, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Pascual Reinoso separately appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with one bill of costs to the plaintiffs payable by the defendants appearing separately and filing separate briefs.

On July 20, 2009, the infant plaintiff, an eight-year-old boy who was walking in an empty campsite searching for firewood, was burned when he stepped into an eight-inch deep pit of hot embers. The infant plaintiff, by his mother, and his mother, individually, commenced this action to recover damages against the owners of the campground, County of Suffolk, Suffolk County Department of Parks, Recreation and Conservation, and Cedar Point County Park (hereinafter collectively the County defendants), and Pascual Reinoso, the alleged last occupant of the campsite where the infant plaintiff was burned. The County defendants and Reinoso separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court denied both motions.

Reinoso established, prima facie, his entitlement to judgment as a matter of law through his affidavit, in which he averred that his campfires were extinguished and the ashes were properly disposed of (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In response, however, the plaintiffs raised a triable issue of fact as to whether Reinoso was the party who left the hot embers on the ground (see Bettineschi v Healy Elec. Contr., Inc., 73 AD3d 1109, 1110 [2010]).

Further, it has long been the rule in New York that "[l]andowners in general have a duty to act in a reasonable manner to prevent harm to those on their property" (D'Amico v Christie, 71 NY2d 76, 85 [1987]; see Pellegrino v Trapasso, 114 AD3d 917, 919 [2014]). "In particular, they have a duty to control the

conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (*D'Amico v Christie*, 71 NY2d at 85; *see Pellegrino v Trapasso*, 114 AD3d at 919). Here, the evidence submitted by the County defendants in support of their motion for summary judgment failed to eliminate all triable issues of fact as to whether they exercised "ordinary and reasonable care in maintaining the campgrounds in a reasonably safe condition so as to prevent foreseeable injury" (*Csukardi v Bishop McDonnell Camp*, 148 AD2d 657, 658 [1989]). Therefore, contrary to the County defendants' contention, they failed to establish, prima facie, their entitlement to judgment as a matter of law. As such, we need not consider the sufficiency of the plaintiffs' opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.