■ WM. Schutt & Associates Engineering & Land Surveying P.C., Respondent, v St. Bonaventure University et al., Defendants, and James W. Manguso, Doing Business as Lauer-Manguso & Associates Architects, Appellant. [57 NYS3d 786]—

Appeal from an order and judgment (one paper) of the Supreme Court, Cattaraugus County (Jeremiah J. Moriarty, III, J.), entered March 25, 2016. The order and judgment granted the motion of plaintiff for summary judgment against defendant James W. Manguso, doing business as Lauer-Manguso & Associates Architects.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, an engineering and land-surveying firm, entered into an agreement with defendant James W. Manguso, doing business as Lauer-Manguso & Associates Architects (Manguso) pursuant to which plaintiff would provide engineering services on a building construction project, with fees for the services determined by an agreed-upon basic services fee schedule and agreed-upon hourly rates for additional services. The agreement specifically excluded any "pay-when-paid" terms or conditions. Defendant Ross, Wilson & Associates (Ross Wilson) served as general contractor for the project, which involved improvements on a site owned by defendant St. Bonaventure University (St. Bonaventure). Plaintiff thereafter sent Manguso itemized invoices for the completed phases of the work plus additional fees computed on the agreed-upon hourly basis. Manguso did not pay plaintiff and never objected to the invoices. Plaintiff commenced this action asserting, inter alia, causes of action against Manguso for breach of contract

and account stated. Plaintiff also asserted a cause of action for unjust enrichment against all defendants and a cause of action for foreclosure and enforcement of a mechanic's lien against St. Bonaventure. Ross Wilson and St. Bonaventure each defaulted in the action, and Supreme Court granted plaintiff judgment against them. That judgment is not at issue on appeal. Plaintiff thereafter moved for summary judgment on its causes of action for breach of contract and account stated against Manguso. The court granted the motion, and we affirm.

We conclude that the court properly granted plaintiff's motion with respect to account stated. "An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due" (*Jim-Mar Corp. v Aquatic Constr.*, 195 AD2d 868, 869 [1993], *lv denied* 82 NY2d 660 [1993]; *see Erdman Anthony & Assoc. v Barkstrom*, 298 AD2d 981, 981 [2002]; *Chisholm-Ryder Co. v Sommer & Sommer*, 70 AD2d 429, 431 [1979]). Here, plaintiff met its initial burden on its motion with respect to account stated by submitting evidentiary proof in admissible form that Manguso received and retained plaintiff's invoices without making an objection within a reasonable time (*see Francis W. King Petroleum Prods. v Geiger*, 231 AD2d 906, 906 [1996]). Moreover, Manguso's verified answer admitted all of the elements of plaintiff's account stated cause of action, and those admissions are conclusive (*see GMS Batching, Inc. v TADCO Constr. Corp.*, 120 AD3d 549, 551 [2014]; *Zegarowicz v Ripatti*, 77 AD3d 650, 653 [2010]). Thus, Manguso failed to raise a triable issue of fact sufficient to defeat plaintiff's motion with respect to account stated (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

With respect to the breach of contract cause of action, the elements thereof are " 'the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages' " (*Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc.*, 111 AD3d 1374, 1376 [2013], *lv denied* 22 NY3d 864 [2014]). Here, we conclude that the court properly granted that part of plaintiff's motion concerning breach of contract inasmuch as plaintiff met its initial burden of establishing all of the requisite elements (*see generally Minelli Constr. Co., Inc. v Volmar Constr., Inc.*, 82 AD3d 720, 721 [2011]; *Hesse Constr., LLC v Fisher*, 61 AD3d 1143, 1144 [2009]), and Manguso failed to raise an issue of fact in opposition thereto (*see generally Zuckerman*, 49 NY2d at 562). We reject Manguso's contention that he raised an issue of fact by

referring to the denial contained in his answer with respect to the allegation in the amended complaint that "services, work, labor, equipment and materials were provided at the agreed to price and reasonable value." It is well settled that "the burden upon a party opposing a motion for summary judgment is not met merely by affidavits by a party which contain only a repetition or incorporation by reference of the allegations contained in pleadings or bills of particulars" (*Memory Gardens v D'Amico*, 91 AD2d 1159, 1159-1160 [1983]; *see Indig v Finkelstein*, 23 NY2d 728, 729 [1968]). We reject Manguso's further contention that the court should have denied that part of plaintiff's motion concerning breach of contract because plaintiff first expressly requested that relief in an amended notice of motion served just 16 days before the return date. We conclude that Manguso " 'was fully apprised of the nature of the motion and had every opportunity to contest it' and thus 'cannot claim any prejudice' " as a result of the service of the amended notice of motion (*Lanzisera v Miller*, 289 AD2d 1015, 1016 [2001]).

We have considered Manguso's remaining contentions and conclude that they are without merit. Present—Whalen, P.J., Carni, NeMoyer, Curran and Troutman, JJ.