S.A.P. v County of Westchester (2020 NY Slip Op 04337)





S.A.P. v County of Westchester


2020 NY Slip Op 04337


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2019-01114
 (Index No. 61203/17)

[*1]S.A.P., etc., et al., appellants, 
v
County of Westchester, et al., respondents.


Law Office of Stephen B. Kaufman, P.C., Bronx, NY (John V. Decolator of counsel), for appellants.
John M. Nonna, County Attorney, White Plains, NY (Linda M. Trentacoste and David H. Chen of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Gerald E. Loehr, J.), dated December 24, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The infant plaintiff, by his father, and his father suing derivatively, commenced this action to recover damages for personal injuries the infant plaintiff allegedly sustained at a park. The defendants moved for summary judgment dismissing the complaint. In an order dated December 24, 2018, the Supreme Court granted the defendants' motion. The plaintiffs appeal.
We disagree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint. "While a municipality is not an insurer of the safety of those who use its parks, it does have a duty to maintain its parks in a reasonably safe condition,' which includes exercising ordinary care in providing an adequate degree of general supervision'" (Taveras v City of New York, 108 AD3d 614, 615 [citation omitted], quoting Caldwell v Village of Is. Park, 304 NY 268, 273). Here, the defendants, in moving for summary judgment dismissing the complaint, failed to demonstrate their prima facie entitlement to judgment as a matter of law. Under the circumstances presented here, the evidence submitted by the defendants in support of their summary judgment motion failed to eliminate all triable issues of fact as to whether they exercised adequate supervision of park visitors' use of fires and disposal of hot coals (see Holohan v County of Suffolk, 150 AD3d 1089, 1090; see also Noeller v County of Erie, 145 AD2d 919, 920). Since the defendants failed to satisfy their prima facie burden, we need not address the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). Accordingly, we reverse the order and deny the defendants' motion for summary judgment dismissing the complaint.
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court