Matter of Double M Dev., LLC v Khrom (2020 NY Slip Op 07565)





Matter of Double M Dev., LLC v Khrom


2020 NY Slip Op 07565


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-13108
 (Index No. 85127/17)

[*1]In the Matter of Double M Development, LLC, appellant, 
v
Tatiana Khrom, et al., respondents-respondents, et al., respondents.


Richard A. Rosenzweig, Esq., P.C., Staten Island, NY, for appellant.
Howard M. File, Esq., P.C., Staten Island, NY, for respondents-respondents.



DECISION & ORDER
In a proceeding, inter alia, pursuant to RPAPL 871 to compel the removal of encroaching structures on real property, the petitioner appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated October 29, 2018. The order denied the petitioner's motion for summary judgment dismissing the counterclaim of the respondents Tatiana Khrom and Alexander Shapsis.
ORDERED that the order is affirmed, with costs.
The petitioner and the respondents Tatiana Khrom and Alexander Shapsis (hereinafter together the respondents) are the owners of adjoining properties in Richmond County. In their counterclaim, the respondents seek damages for nuisance and trespass, alleging that the petitioner has caused or permitted a drain pipe situated on its property to be damaged or broken so as to cause water to be diverted onto their property. Prior to any discovery taking place, the petitioner moved for summary judgment dismissing the respondents' counterclaim, relying upon an affidavit from its managing member, in which he averred that the petitioner's property is unimproved, that the natural contour of the land causes storm run-off to flow from the petitioner's property to the respondents' property, and that the pipe referenced by the respondents was not installed by the petitioner and did not cause the water to flow onto the respondents' property. In opposition, the respondents submitted the affidavit of Shapsis in which he averred that he had observed water being diverted on to his property from a broken drain pipe located on the petitioner's property and, further, that he, along with his attorney, a principal from the petitioner, the petitioner's attorney, and surveyors/engineers together observed the subject broken drain pipe draining water onto the respondents' property. In an order dated October 29, 2018, the Supreme Court denied the petitioner's motion. The petitioner appeals, and we affirm.
"The essential elements of a cause of action sounding in trespass are the intentional entry onto the land of another without justification or permission," while "[p]rivate nuisance is an intentional, unreasonable, substantial interference with a person's property right to use and enjoy land, caused by another's conduct in acting or failing to act" (211-12 N. Blvd. Corp. V LIC Contr., Inc., 186 AD3d 69, 82, 83 [internal quotation marks omitted]). Both nuisance and trespass require [*2]some intentional act on the part of the alleged tortfeasor (see id. at 82-83). "A landowner will not be liable for damages to abutting property caused by the flow of surface water due to improvements to his or her land, provided that the improvements were made in good faith to make the property fit for some rational use, and that the water was not drained onto the other property by artificial means, such as pipes and ditches" (Raia v Town of Southampton, 175 AD3d 1445, 1445 [internal quotation marks omitted]).
Here, while the petitioner contends that it did not install the pipe on its property, it does not dispute that there is a pipe on its property. The petitioner failed to establish when the pipe was installed and who installed it and maintains it. Further, although the petitioner asserts that the pipe is not the source of the water draining onto the respondents' property, the respondents in opposition to the motion raised a triable issue of fact (see Vega v Restani Constr. Corp., 18 NY3d 499, 505).
Accordingly, we agree with the Supreme Court's determination to deny the petitioner's motion for summary judgment dismissing the respondents' counterclaim.
SCHEINKMAN, P.J., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court