Headin' E. Bub, LLC v Talmage (2021 NY Slip Op 00423)





Headin' E. Bub, LLC v Talmage


2021 NY Slip Op 00423


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-12636
 (Index No. 20830/15)

[*1]Headin' East Bub, LLC, et al., respondents-appellants,
v
Charles Courtland Talmage, defendant, David Talmage, et al., appellants-respondents.


Tarbet & Lester, PLLC, East Hampton, NY (Brian J. Lester of counsel), for appellants-respondents.
Twomey, Latham, Shea, Kelley, Dubin & Quartararo LLP, Riverhead, NY (Christopher Kelley of counsel), for respondents-appellants.



DECISION & ORDER
In an action, inter alia, for declaratory relief and pursuant to RPAPL article 15 to compel the determination of claims to real property, the defendants David Talmage, Julie Talmage, and Susan Talmage Owens appeal, and the plaintiffs cross-appeal, from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated October 13, 2017. The order, insofar as appealed from, denied the cross motion of the defendants David Talmage, Julie Talmage, and Susan Talmage Owens for summary judgment dismissing the amended complaint insofar as asserted against them and on their counterclaims. The order, insofar as cross-appealed from, denied those branches of the plaintiffs' motion which were for summary judgment on the first and second causes of action of the amended complaint and to dismiss the counterclaims of the defendants David Talmage, Julie Talmage, and Susan Talmage Owens.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiffs, who purchased certain real property in the Town of East Hampton from the defendant Charles Courtland Talmage, commenced this action, inter alia, pursuant to RPAPL article 15, alleging that they possessed an easement over adjacent parcels of real property owned by the defendants David Talmage and Julie Talmage, and by the defendant Susan Talmage Owens (hereinafter collectively the defendants), respectively, for the purpose of accessing a public roadway abutting those parcels. The defendants, who, along with Charles Courtland Talmage, received their respective parcels through separate conveyances from their parents, Robert Talmage and Hilda Talmage, served answers in which they counterclaimed for a determination that the plaintiffs did not possess such an access easement. The plaintiffs subsequently moved, among other things, for summary judgment on the amended complaint and dismissing the defendants' respective counterclaims, submitting, inter alia, deeds and a subdivision map filed by Hilda Talmage which referenced the existence of an easement. The defendants cross-moved for summary judgment dismissing the amended complaint insofar as asserted against them and on their counterclaims. In an order dated October 13, 2017, the Supreme Court denied the motion and the cross motion, resulting in the present appeal and cross appeal. We affirm.
Based upon the parties' submissions in support of their respective motion and cross motion for summary judgment, including various deeds, the subdivision map, the subdivision approval by the Planning Board of the Town of East Hampton, certain boundary line agreements of the parties, aerial photographs of the subject parcels, and the transcripts of the deposition testimony of the various parties, we agree with the Supreme Court's determination denying the motion and the cross motion for summary judgment, since neither the plaintiffs nor the defendants eliminated all triable issues of fact regarding, inter alia, the creation and enforceability of the alleged access easement (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Zukowski v Powell Cove Estates Home Owners Assn., Inc., 187 AD3d 1099; Crichigno v Pacific Park 550 Vanderbilt, LLC, 186 AD3d 664, 666; S.A.P. v County of Westchester, 185 AD3d 1078, 1079).
MASTRO, A.P.J., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court