Northwoods, L.L.C. v Hale (2022 NY Slip Op 00596)





Northwoods, L.L.C. v Hale


2022 NY Slip Op 00596


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, AND WINSLOW, JJ.


1110 CA 21-00218

[*1]NORTHWOODS, L.L.C., PLAINTIFF-RESPONDENT,
v
SHERRY HALE, DEFENDANT-APPELLANT. 






THE LAW OFFICES OF JENNIFER A. HURLEY, LLP, BUFFALO (JENNIFER A. HURLEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WOODS OVIATT GILMAN LLP, BUFFALO (ANDREA K. DILUGLIO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Donna M. Siwek, J.), entered January 20, 2021. The order and judgment, among other things, granted plaintiff's motion for summary judgment in lieu of complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: By motion for summary judgment in lieu of complaint pursuant to CPLR 3213, plaintiff commenced this action to recover on guarantees executed by defendant, a member of two limited liability companies that leased commercial property from plaintiff. We reject defendant's contention that Supreme Court erred in granting the motion. Plaintiff met its initial burden by submitting the guarantees, the underlying leases, and evidence of nonpayment (see Birjukow v Niagara Coating Servs., Inc., 165 AD3d 1586, 1587 [4th Dept 2018]; Wells Fargo Bank, N.A. v Deering, 134 AD3d 1468, 1469 [4th Dept 2015]). In opposition, defendant failed " 'to establish, by admissible evidence, the existence of a triable issue [of fact] with respect to a bona fide defense' " (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]; see Birjukow, 165 AD3d at 1587). Contrary to defendant's contention, the guarantees are " 'absolute and unconditional' " inasmuch as they "contain language obligating the guarantor to payment without recourse to any defenses or counterclaims" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch, 25 NY3d at 493).
Defendant's contention that the subject guarantees are not "instrument[s] for the payment of money only" (CPLR 3213) is not properly before us because defendant raised it for the first time in her reply brief (see Scheer v Elam Sand & Gravel Corp., 177 AD3d 1290,
1292 [4th Dept 2019]).
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court