Pearl St. Parking Assoc. LLC v County of Erie (2022 NY Slip Op 04235)

Pearl St. Parking Assoc. LLC v County of Erie

2022 NY Slip Op 04235

Decided on July 1, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.

163 CA 21-00961

[*1]PEARL STREET PARKING ASSOCIATES LLC, AND VIOLET REALTY, INC., DOING BUSINESS AS MAIN PLACE LIBERTY GROUP, PLAINTIFFS-RESPONDENTS-APPELLANTS,
v
COUNTY OF ERIE, MARK C. POLONCARZ, WILLIAM GEARY, DEFENDANTS-APPELLANTS-RESPONDENTS, AND CITY OF BUFFALO, DEFENDANT. 

LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (MARK C. DAVIS OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.
THE KNOER GROUP, PLLC, BUFFALO (ROBERT EDWARD KNOER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS. 

 Appeal and cross appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered June 3, 2021. The order, among other things, granted in part plaintiff's motion for partial summary judgment and denied the cross motion of defendants County of Erie, Mark C. Poloncarz and William Geary for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in its entirety and vacating subparagraph (e) of the first ordering paragraph, and as modified the order is affirmed without costs.
Memorandum: This litigation concerns an urban renewal project that began in 1965 in defendant City of Buffalo (City). At that time, the City had entered into an agreement with certain nonparties involving redevelopment of a portion of downtown Buffalo. As relevant here, the project included construction of a tunnel that extended from a street, went under the Rath Erie County Office Building, and connected to a parking garage, using an easement created as part of the project. Plaintiffs contend that they now own the rights to that easement and the tunnel, and the parties agree that plaintiffs own the fee title to the parking garage and the right to operate it. The parties also agree that, in 2016, officials of defendant County of Erie (County) blocked all public access to the tunnel.
Plaintiffs thereafter commenced this action asserting causes of action pursuant to RPAPL article 15 and for declaratory judgment, breach of contract and trespass and sought, among other relief, a declaration of the rights of the parties to the easement. After joinder of issue, plaintiffs moved for, in effect, partial summary judgment on liability on the trespass and breach of contract causes of action and for summary judgment on the remainder of the complaint, and the County and defendants Mark C. Poloncarz and William Geary (collectively, defendants) cross-moved for summary judgment dismissing the complaint. Supreme Court granted the motion in part by awarding "judgment" on all four causes of action to the extent of finding that the County was in violation of the easement, that defendants did not have the right to block plaintiffs' access to the tunnel, that the County breached its contractual obligations arising from a 1968 deed, and that the County trespassed upon plaintiffs' property. The court also determined that defendants' actions constituted a taking and denied defendants' cross motion. Defendants appeal from the ensuing order, and plaintiffs cross-appeal from that part of the order finding that defendants' actions constituted a taking.
Addressing first the issues raised on the appeal, we note that defendants did not contend [*2]on their cross motion that this action should be treated as a CPLR article 78 proceeding and that it must therefore be dismissed based on the four-month statute of limitations applicable to such proceedings. Thus, they failed to preserve for our review their contention that the action is time-barred for that reason (see Matter of Troy Sand & Gravel Co. v New York State Dept. of Transp., 277 AD2d 782, 783-784 [3d Dept 2000], lv denied 96 NY2d 708 [2001]; see generally Michael M. v Cummiskey, 178 AD3d 1457, 1458 [4th Dept 2019]; Nichols v Diocese of Rochester [appeal No. 2], 42 AD3d 903, 905 [4th Dept 2007]).
We agree with defendants that plaintiffs failed to meet their burden with respect to the RPAPL article 15 cause of action, which sought, inter alia, a declaratory judgment quieting title by finding that the County is in violation of the easement and directing that the interference cease and desist. Pursuant to well-settled law, "[h]aving moved for summary judgment in this action to determine the ownership of . . . land pursuant to RPAPL article 15, plaintiffs had the initial burden to submit evidence sufficient to demonstrate the absence of all material issues of fact" (Village of Warsaw v Gott, 233 AD2d 864, 864 [4th Dept 1996]). Here, although plaintiffs met their initial burden of demonstrating that they were the titled owners of the easement, they failed to "eliminate[] all triable issues of fact regarding . . . the . . . enforceability of the . . . access easement" in light of the security issues raised by defendants (Headin' E. Bub, LLC v Talmage, 190 AD3d 957, 959 [2d Dept 2021]). Consequently, we conclude that the court erred in granting the motion with respect to that cause of action in part. For the same reasons, we conclude that plaintiffs failed to meet their burden on the motion with respect to the declaratory judgment cause of action (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]), and thus the court further erred in granting the motion to that extent.
We also agree with defendants that the court erred in granting the motion with respect to the breach of contract cause of action, alleging that defendants breached a provision contained in a deed. The elements of a cause of action for breach of contract are " 'the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages' " (Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc., 111 AD3d 1374, 1376 [4th Dept 2013], lv denied 22 NY3d 864 [2014]). As the parties seeking summary judgment on that cause of action, plaintiffs bore the initial burden of establishing the existence of all of those elements (see Wm. Schutt & Assoc. Eng'g & Land Surveying P.C. v St. Bonaventure Univ., 151 AD3d 1634, 1635 [4th Dept 2017], amended on rearg 153 AD3d 1676 [4th Dept 2017]; Resetarits Constr. Corp. v Elizabeth Pierce Olmsted, M.D. Center for the Visually Impaired [appeal No. 2], 118 AD3d 1454, 1455 [4th Dept 2014]). Plaintiffs failed to meet their burden with respect to that cause of action (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), and thus denial of the motion to that extent "was required 'regardless of the sufficiency of the opposing papers' " (Scruton v Acro-Fab Ltd., 144 AD3d 1502, 1503 [4th Dept 2016], quoting Alvarez, 68 NY2d at 324; see Winegrad, 64 NY2d at 853).
Similarly, in support of their motion with respect to the trespass cause of action, plaintiffs bore the initial burden of establishing the elements of that cause of action, i.e., that there was an " 'intentional entry onto the land of another without justification or permission' " (Matter of Double M Dev., LLC v Khrom, 189 AD3d 1227, 1228 [2d Dept 2020]; see generally City of Albany v Normanskill Cr., LLC, 165 AD3d 1437, 1439 [3d Dept 2018]; Augeri v Roman Catholic Diocese of Brooklyn, 225 AD2d 1105, 1106 [4th Dept 1996]). Here, plaintiffs' submissions on the motion failed to establish that defendants' entry upon the easement was not justified. Therefore, plaintiffs failed to make a prima facie showing of entitlement to judgment as a matter of law on the trespass cause of action, and the court should have denied the motion to that extent without regard to the sufficiency of the opposition papers (see generally Winegrad, 64 NY2d at 853). In light of the foregoing, we modify the order by denying the motion in its entirety.
Contrary to defendants' further contention with respect to all of the causes of action, however, they failed to submit sufficient evidence in admissible form to establish that they had the right to close the tunnel for security purposes (cf. Island Park, LLC v State of New York, 93 AD3d 1064, 1065-1067 [3d Dept 2012], affd 21 NY3d 981 [2013]). Therefore, the court properly denied their cross motion for summary judgment dismissing the complaint against them.
On both the appeal and the cross appeal, the parties contend that the court erred in concluding that defendants' blocking of the easement constituted a taking of property. We agree. [*3]Neither the motion nor the cross motion sought a determination that a taking had occurred or relief with respect to a taking. Thus, we further modify the order by vacating the court's finding that a taking occurred because it was not " 'the subject of the motions before the court' " (Sullivan v Troser Mgt., Inc., 15 AD3d 1011, 1012 [4th Dept 2005], quoting Dunham v Hilco Constr. Co., 89 NY2d 425, 430 [1996]; see also Johnson v Pixley Dev. Corp., 169 AD3d 1516, 1517 [4th Dept 2019]; Delaine v Finger Lakes Fire & Cas. Co., 23 AD3d 1143, 1144 [4th Dept 2005]).
Finally, plaintiffs' contention on the cross appeal that the court erred in denying that part of the motion seeking a permanent injunction is not properly before us. In their notice of cross appeal, plaintiffs indicate that they are cross-appealing from the order "to the extent that the [c]ourt reached a determination as set forth in paragraph 'e' finding that the actions taken by . . . [d]efendants . . . constitute a taking." It is well settled that, where a party files a notice of cross appeal indicating that it is appealing from a specific part of an order, that party "is limited by its notice of cross appeal to arguing only with respect to the" part of the order listed in the notice (Millard v City of Ogdensburg, 274 AD2d 953, 954 [4th Dept 2000]; see CPLR 5515 [1]; W. Park Assoc., Inc. v Everest Natl. Ins. Co., 113 AD3d 38, 43 [2d Dept 2013]; Brown v U.S. Vanadium Corp., 198 AD2d 863, 864 [4th Dept 1993]).
Entered: July 1, 2022
Ann Dillon Flynn
Clerk of the Court