Mertz v Erie & Niagara Ins. Assn. (2025 NY Slip Op 03883)

Mertz v Erie & Niagara Ins. Assn.

2025 NY Slip Op 03883

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, AND NOWAK, JJ.

296 CA 24-00539

[*1]MARY MERTZ, PLAINTIFF-RESPONDENT,
v
ERIE AND NIAGARA INSURANCE ASSOCIATION AND SCHENK & MILES AGENCY, INC., DEFENDANTS-APPELLANTS. 

JAMES H. COSGRIFF, III, BUFFALO, FOR DEFENDANTS-APPELLANTS.
DUKE HOLZMAN PHOTIADIS & GRESENS LLP, BUFFALO (KRISTINE CELESTE OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Allegany County (Thomas P. Brown, A.J.), entered February 13, 2024. The order, among other things, granted in part plaintiff's motion for summary judgment and denied defendants' cross-motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in its entirety and as modified the order is affirmed without costs.
Memorandum: Plaintiff entered into a purchase contract with nonparty United Methodist Church (UMC) to purchase a decommissioned church building (property). Prior to closing, plaintiff and UMC entered into an agreement whereby plaintiff was permitted to occupy the property prior to closing. The pre-closing occupancy agreement required that plaintiff procure property insurance and name UMC as an additional insured under the policy. Plaintiff ultimately procured coverage from defendant Erie and Niagara Insurance Association (ENIA) via defendant Schenk & Miles Agency, Inc. (Schenk). Shortly thereafter, the property was severely damaged in a fire, resulting in a total loss. The purchase contract was ultimately rendered null and void, the transaction was never completed, and plaintiff's earnest money deposit and the remainder of the purchase price were returned to her. Approximately one month after the loss, ENIA cancelled the policy. Plaintiff commenced this action asserting, inter alia, a cause of action against ENIA for breach of contract. Plaintiff thereafter moved for, among other things, summary judgment on liability, and defendants cross-moved for summary judgment dismissing the amended complaint. Supreme Court granted that part of the motion seeking summary judgment on liability with respect to the breach of contract cause of action and denied defendants' cross-motion. Defendants appeal.
Even assuming, arguendo, that plaintiff had an insurable interest in the property as of the date of the loss, we agree with defendants that the court erred in granting the motion with respect to liability on the breach of contract cause of action. We therefore modify the order accordingly. "Proof of damages is an essential element of a claim for breach of contract under New York law" (iGo Mktg. & Entertainment, LLC v Hartbeat Prods., LLC, 217 AD3d 753, 754-755 [2d Dept 2023]; see also Pearl St. Parking Assoc. LLC v County of Erie, 207 AD3d 1029, 1031 [4th Dept 2022]). Here, plaintiff did not meet her burden on the motion of establishing damages inasmuch as she was fully reimbursed her earnest money deposit and the remainder of the purchase price, and the purchase was never completed (see Eichler v Town of Cortlandt, 39 AD3d 464, 465 [2d Dept 2007]; see generally Pearl St. Parking Assoc. LLC, 207 AD3d at 1031-1032).
We have reviewed defendants' remaining contentions and conclude that none warrants reversal or further modification of the order.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court