Hemami v Lauber (2025 NY Slip Op 04400)

Hemami v Lauber

2025 NY Slip Op 04400

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, SMITH, NOWAK, AND HANNAH, JJ.

544 CA 24-00408

[*1]SHEILA HEMAMI, PLAINTIFF-APPELLANT,
v
STEVEN JAMES LAUBER, HILDA LAUBER AND BRENDAN A. LAUBER, DEFENDANTS-RESPONDENTS. 

SHARON M. SULIMOWICZ, ITHACA, FOR PLAINTIFF-APPELLANT. 
MELVIN & MELVIN, PLLC, SYRACUSE (ROGER W. BRADLEY OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered January 9, 2024. The order, insofar as appealed from, denied that part of the motion of plaintiff for summary judgment on her trespass cause of action. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff appeals, as limited by her notice of appeal, from that portion of an order denying her motion insofar as it sought summary judgment on her trespass cause of action. We affirm.
Plaintiff and defendants own adjacent lots abutting Skaneateles Lake, and, as relevant here, a stairway that encroaches on plaintiff's lot allows defendants access to the water. The former owners of plaintiff's and defendants' lots entered into an encroachment agreement, which permits defendants to use and maintain those stairs. The prior owners of defendants' lot used the stairs to access a seasonal, temporary dock, but in 2016 defendants had the temporary dock removed and a permanent dock erected in its place. Plaintiff commenced this action, alleging, as relevant on appeal, that defendants' dock was constructed on her property.
At the outset, we note that plaintiff limited the scope of her notice of appeal to the portion of Supreme Court's order that denied her motion insofar as it sought summary judgment on her cause of action for trespass. Limiting an appeal to one part of an order waives the right to appeal from other parts and deprives this Court of jurisdiction to review the unappealed portions of the order (see CPLR 5515 [1]; Violet Realty, Inc. v Amigone, Sanchez & Mattrey, LLP, 183 AD3d 1278, 1279 [4th Dept 2020]; State Farm Mut. Auto. Ins. Cos. v Jaenecke, 81 AD3d 1474, 1474-1475 [4th Dept 2011], lv denied 17 NY3d 701 [2011]; City of Mount Vernon v Mount Vernon Hous. Auth., 235 AD2d 516, 517 [2d Dept 1997]).
With respect to the trespass cause of action, plaintiff has the initial burden of establishing her entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Failure to meet that initial burden requires denial of the motion without regard to the sufficiency of defendants' opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad, 64 NY2d at 853). To succeed on her cause of action sounding in trespass, plaintiff is required to prove that defendants intentionally entered onto her land without justification or permission (see Pearl St. Parking Assoc. LLC v County of Erie, 207 AD3d 1029, 1032 [4th Dept 2022]; Ligo v Gerould, 244 AD2d 852, 852 [4th Dept 1997]). Insofar as the State is the presumptive owner of the land under a navigable body of water (see Granger v City of Canandaigua, 257 NY 126, 131 [1931]; Stewart v Turney, 237 NY 117, 124 [1923]) and plaintiff's private ownership interest in the land making up the lake bed extends [*2]only to the low water mark (see Stewart, 237 NY at 129-130), plaintiff's burden on her motion was to eliminate all triable issues of fact as to the location of the low water mark at the time of the dock's installation.
Plaintiff failed to meet that burden. In support of her motion, plaintiff submitted the deposition testimony of defendant Steven James Lauber, who testified that defendants' property ends in a cliff, that the water line always extended to the base of the cliff, and that the stairs extend from the base of the cliff out over the water. In addition, plaintiff submitted photographs depicting the water abutting the cliff's edge and the stairs protruding from the cliff over the water as the permanent dock was being built. Plaintiff's expert's affidavit, which purported to establish the low water mark as of 2022 (rather than 2016, when the dock was built) was insufficient to meet plaintiff's burden, particularly where the expert did not explain his methodology or discuss or comment upon the deposition testimony or photographs establishing that the stairs extend out over the water.
Thus, plaintiff's own motion papers raise triable issues of fact as to the location of the low water mark and, in particular, the location of the low water mark at the time the dock was built, and denial of the motion is required regardless of the sufficiency of defendants' opposing papers (see generally Winegrad, 64 NY2d at 853).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court