Tapp Partners, LLC v Wall Sections Inc. (2025 NY Slip Op 07126)

Tapp Partners, LLC v Wall Sections Inc.

2025 NY Slip Op 07126

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND KEANE, JJ.

681 CA 24-01942

[*1]TAPP PARTNERS, LLC, PLAINTIFF-RESPONDENT,
vWALL SECTIONS INC. & SAGE LIVESTOCK LLC, DOING BUSINESS AS WALL SECTIONS INC. & SAGE LIVESTOCK LLC, AND DONALD K. GARRETT, DEFENDANTS-APPELLANTS. 

COLONNA COHEN LAW, PLLC, BROOKLYN (ASHLEE COLONNA COHEN OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
BERKOVITCH & BOUSKILA, PLLC, POMONA (ARIEL BOUSKILA OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an amended order of the Supreme Court, Erie County (Gerald J. Greenan, III, J.), entered June 6, 2024, in a breach of contract action. The amended order granted the motion of plaintiff for summary judgment. 
It is hereby ORDERED that the amended order so appealed from is unanimously reversed on the law without costs and the motion is denied.
Memorandum: Plaintiff commenced this action following defendants' alleged breach of a revenue purchase agreement (agreement) between plaintiff and defendants Wall Sections Inc. and Sage Livestock LLC (collectively, company defendants). Defendant Donald K. Garrett personally guaranteed company defendants' performance of the agreement. Under the agreement, plaintiff advanced to the company defendants $40,000, less applicable fees, in exchange for 15% of the future revenues of their business until the purchased amount, i.e., $59,960, was paid to plaintiff. The agreement contained a daily remittance amount, which constituted "a good faith estimate of" plaintiff's share of the future revenue stream.
After the company defendants allegedly stopped paying the daily remittance amount, plaintiff commenced this action asserting causes of action for breach of contract and personal guarantee. Thereafter, plaintiff moved for summary judgment on the complaint, and Supreme Court entered an order granting the motion. The court subsequently entered an amended order that made nonsubstantive changes to the original order. Defendants now appeal from the amended order. We reverse.
As a preliminary matter, we note that, inasmuch as the amended order did not make any substantive changes to the original order, the appeal is properly from the original order, not the amended order (see generally Matter of Kolasz v Levitt, 63 AD2d 777, 779 [3d Dept 1978]). Although defendants appeal from the amended order, we conclude that the appeal must be deemed taken from the original order inasmuch as the appeal is timely, no prejudice has resulted, and the original order has been furnished to us (see CPLR 5512 [a]; see also Tomaselli v Malagese, 242 AD3d 1562, 1563 [4th Dept 2025]; Tumminia v Staten Is. Univ. Hosp., 241 AD3d 17, 21 [2d Dept 2025]).
Contrary to defendants' contention, plaintiff met its initial burden on the motion. "It is well settled that the elements of a breach of contract cause of action are 'the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages' " (Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc., 111 AD3d 1374, 1376 [4th Dept 2013], lv denied 22 NY3d 864 [2014]; see Pearl St. Parking Assoc. LLC v [*2]County of Erie, 207 AD3d 1029, 1031 [4th Dept 2022]). As the party seeking summary judgment on that cause of action, plaintiff bore the initial burden of establishing the existence of those elements (see Wm. Schutt & Assoc. Eng'g & Land Surveying P.C. v St. Bonaventure Univ., 151 AD3d 1634, 1635 [4th Dept 2017], amended on rearg 153 AD3d 1676 [4th Dept 2017]; Resetarits Constr. Corp. v Elizabeth Pierce Olmsted, M.D. Center for the Visually Impaired [appeal No. 2], 118 AD3d 1454, 1455 [4th Dept 2014]). Plaintiff met its initial burden of establishing the existence of those elements by submitting the agreement, bank statements, and the affidavit of its manager. The manager averred that plaintiff fulfilled its obligation under the agreement by furnishing the company defendants with the required funds but that, within days of funding, plaintiff was prevented from receiving the daily remittance amount even though the company defendants continued business operations and revenue collection. The manager further averred that in addition to those unpaid amounts, plaintiff also incurred default and other fees. Plaintiff also met its initial burden with respect to the personal guarantee cause of action by submitting the guaranty executed by Garrett and evidence of the company defendants' failure to perform under the agreement (see Northwoods, L.L.C. v Hale, 201 AD3d 1357, 1357-1358 [4th Dept 2022]; see generally Medlock Crossing Shopping Ctr. Duluth, GA. LP v Kitchen & Bath Studio, Inc., 126 AD3d 1463, 1464 [4th Dept 2015]).
We agree with defendants, however, that the court erred in granting the motion. Defendants raised "a triable issue of fact regarding the amount of any resulting damages" arising from the alleged breach of the agreement through the submission of Garrett's affidavit (Bridge Funding Cap LLC v SimonExpress Pizza, LLC [appeal No. 2], 240 AD3d 1186, 1190 [4th Dept 2025]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), and plaintiff's personal guarantee cause of action "is dependent on the success of the breach of contract cause of action" (Bridge Funding Cap LLC, 240 AD3d at 1190).
In light of our conclusion, defendants' remaining contentions are academic.
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court