Cass v Newell

2026 NY Slip Op 02542

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

DAVID A. CASS, PLAINTIFF-RESPONDENT,

v

RICHARD G. NEWELL, SANDRA G. NEWELL, CHAUTAUQUA LAKEVIEW, LLC, LAKEVIEW HOTEL, LLC, CHAUTAUQUA LAKEVIEW AND RESTAURANT, INC., AND LAKEVIEW HOTEL AND RESTAURANT, INC., DEFENDANTS-APPELLANTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

205 CA 25-00524

Present: Lindley, J.P., Bannister, Greenwood, Nowak, And Hannah, JJ.

WEBSTER SZANYI LLP, WILLIAMSVILLE (ANDREW O. MILLER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

COLUCCI & GALLAHER, P.C., BUFFALO (JACOB A. FREZZA OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

Appeal from an order of the Supreme Court, Chautauqua County (Emilio Colaiacovo, J.), entered February 24, 2025. The order, insofar as appealed from, denied in part the motion of defendants to dismiss the complaint.

[*1]

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety, and the complaint is dismissed.

Memorandum: Plaintiff commenced this action alleging, inter alia, the breach of an option agreement between him and Richard G. Newell (defendant). Defendants moved pursuant to CPLR 3211 (a) (1), (5), and (7) to dismiss the complaint and pursuant to CPLR 3212 for summary judgment dismissing the complaint. Supreme Court denied the motion to the extent that it sought dismissal of the first, second, and fourth causes of action. Defendants appeal from the order to the extent that it denied their motion, and we reverse the order insofar as appealed from.

Plaintiff and defendant each held a 50% interest in defendants Chautauqua Lakeview, LLC and Lakeview Hotel, LLC (collectively, LLCs), which owned and operated a hotel. In January 2015, plaintiff assigned his interests in the LLCs to defendant. In February 2015, plaintiff and defendant entered into an option agreement. Pursuant to the agreement, plaintiff had "the exclusive right and option to purchase the" 50% interests in the LLCs that he had transferred to defendant. The agreement provided that the "option shall expire at midnight on December 31, 2020, or so long as [defendant] shall continue to own 100% of the interests in" the LLCs. The agreement further provided that, at the termination of the option, plaintiff "shall have the right to extend the option period for an additional period of five . . . years." In November 2023, plaintiff notified defendant of his intent to exercise the option, and defendant responded through his counsel that the agreement was not enforceable.

We agree with defendants that the fourth cause of action, alleging breach of contract, as well as the first and second causes of action, which the parties agree depend on the breach of contract cause of action, must be dismissed pursuant to CPLR 3211 (a) (1). "The elements of a cause of action for breach of contract are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages" (Pearl St. Parking Assoc. LLC v County of Erie, 207 AD3d 1029, 1031 [4th Dept 2022] [internal quotation marks omitted]). It is well settled that "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645 [2009] [internal quotation marks [*2]omitted]; see Brad H. v City of New York, 17 NY3d 180, 185 [2011]; W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162-163 [1990]). A contract is unambiguous if the language it uses has "a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion" (Breed v Insurance Co. of N. Am., 46 NY2d 351, 355 [1978], rearg denied 46 NY2d 940 [1979]; see Selective Ins. Co. of Am. v County of Rensselaer, 26 NY3d 649, 655 [2016]). "Thus, if the agreement on its face is reasonably susceptible of only one meaning, a court is not free to alter the contract to reflect its personal notions of fairness and equity" (Greenfield v Philles Records, 98 NY2d 562, 569-570 [2002]; see Selective Ins. Co. of Am., 26 NY3d at 655).

Here, the option agreement is not ambiguous, and we further conclude that defendants did not breach it. When plaintiff attempted to exercise the option in November 2023, it had already expired inasmuch as the December 31, 2020 deadline had passed, plaintiff never exercised his right to extend the option period, and defendant no longer owned 100% of the interests in the LLCs (see Olden Group, LLC v 2890 Review Equity, LLC, 209 AD3d 748, 751-752 [2d Dept 2022]). Contrary to the court's determination, inasmuch as plaintiff never sought to exercise the option before it expired at the end of 2020, it is immaterial that defendant had already transferred the assets of the LLCs and dissolved the LLCs prior to that time (see generally id.). Moreover, the option agreement did not prohibit defendant from selling his interests in the LLCs and, in fact, it specifically contemplated that defendant would do so inasmuch as it provided that the option would expire at the end of 2020 "or so long as" defendant continued to own 100% of the interests in the LLCs.

We reject plaintiff's contention—raised as an alternative ground for affirmance—that the option agreement was ambiguous and may be interpreted as giving him, in addition to the option, the "exclusive right" to purchase back his interests in the LLCs, i.e., that he was the only person who could buy those interests. Plaintiff's interpretation "rests on an impermissibly strain[ed reading] to find an ambiguity which otherwise might not be thought to exist" (Uribe v Merchants Bank of N.Y., 91 NY2d 336, 341 [1998] [internal quotation marks omitted]; see Albert Frassetto Enters. v Hartford Fire Ins. Co., 144 AD3d 1556, 1558 [4th Dept 2016]). In addition, under plaintiff's interpretation, the option term and extension of term provisions would be meaningless (see generally Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc., 63 NY2d 396, 403 [1984]). Further, under plaintiff's interpretation, the option agreement never expires, which would be absurd and commercially unreasonable (see NCCMI, Inc. v Bersin Props., LLC, 226 AD3d 88, 96 [1st Dept 2024]; Matter of El-Roh Realty Corp., 74 AD3d 1796, 1800 [4th Dept 2010]).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court